E-FILED
Friday, 12 December, 2014 03:39:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 14-3263 |
| | ) | |
| TITAN INTERNATIONAL, INC., | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

The United States of America filed a Petition to Enforce IRS Summons wherein it sought an Order directing Respondent Titan International, Inc. ("Titan"), to show cause, if any, why the Respondent should not comply with and obey the aforementioned summons and the requirements thereof. The Court set a Show Cause Hearing. The Respondent filed a Response to the Petition to Enforce IRS Summons alleging that Petitioner has not complied with the statutory requirements to warrant enforcement of the summons, as provided in 26 U.S.C. § 7605(b). Pending also is the Respondent's Motion to Quash the IRS

Summons.

I.

The United States is authorized under I.R.C. §§ 7602 and 7604(a) to institute an action as necessary to enforce an administrative summons issued under the authority of § 7602. The summons at issue was served on Titan on May 7, 2014, and the summons was referred to the IRS Office of Chief Counsel on June 4, 2014. The Petition states that on June 9, 2014, the IRS Office of Chief Counsel sent Titan a "last chance letter" and requested compliance with the summons at an appointment with Frank M. Flesch, an IRS Revenue Agent. Titan did not appear and did not otherwise respond to the summons.

The "last chance letter" provided an alternate date to comply with the IRS Summons at the IRS office in Quincy, Illinois, on June 27, 2014. Titan failed to appear on that date and did not otherwise provide any of the books, papers, records or other data pursuant to the summons.

The United States alleges it is necessary to examine the books, papers, records or other data sought by the summons in order to properly

investigate the federal tax liability of Titan for the tax periods ending on December 31, 2010 and December 31, 2011.

II.

Titan contends the IRS Summons for its 2009 general ledger and 2009 airplane flight logs issued in connection with its 2010 audit must be quashed. IRC § 7605(B) provides, "No taxpayer shall be subjected to unnecessary examinations or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary." Titan refused to provide its 2009 general ledger, 2009 airplane flight logs, aircraft maintenance logs, passenger manifest or list of passengers on flights, and other documents reflecting the travel deductions, time and place of travel, the business purpose of the travel, or the business relationship to Titan of the persons using the aircraft as requested by IDR 31 and IDR 32, unless and until Titan received written notice from the Secretary, after investigation, that a second investigation was necessary as provided in IRC

3

§ 7605(b).  Titan asserts that because the IRS inspected its 2009 general ledger and 2009 airplane flight logs during its 2009 audit, the summons must be quashed for failure to comply with § 7605(b).

In asserting that the proposed inspection would be a second inspection requiring compliance with § 7605(b), Titan relies primarily on Reineman v. United States, 301 F.2d 267 (7th Cir. 1962).  In Reineman, the plaintiffs filed a return for the taxable year 1954.  See id. at 269.  At issue was the deduction of six thoroughbred brood mares, as depreciation of property used in business.  See id. at 267.  In 1956, the Commissioner's agent inspected the books and records concerning certain depreciation deductions taken by the plaintiffs in 1954 and determined there was a deficiency, which was satisfied in 1957.  See id. at 269.  In August of 1957, the plaintiffs were notified by another agent that he was assigned to audit the plaintiffs' 1955 books and records.  See id.  This agent did not request an audit of the plaintiffs' 1954 books and records.  See id.

Subsequently, the plaintiffs learned from the agent auditing their 1955 books and records that their 1954 return had been reopened.  See id.

4

In an October 4, 1957 letter to the IRS, the plaintiffs protested a second examination of their 1954 books and records. See id. The district court found that the agent auditing the plaintiffs' 1955 books and records could not have made adjustments to horses acquired in 1954 without inspecting and examining the 1954 accounts and records. See id.

The second agent stated that although he reopened the 1954 return, he did not examine the taxpayers' books and records. See id. He said that he obtained the information and data necessary to prepare his compilation of allowable depreciation expenses for the year 1954 "from the taxpayer's accountant's work papers, for the year 1955 and subsequent years." The taxpayer testified this would not have been possible. See id. at 271. Rather, he would have had to reopen and reexamine the 1954 records. See id. The court in Reineman determined that the trial court was entitled to reject the testimony of the agent that he obtained the information for 1954 from 1955 records. See id.

Accordingly, the court concluded that the deficiency assessment which led to the "overpayment should be set aside because the Commissioner

5

made a second inspection of taxpayers' books of account for the year 1954" without providing the required prior written notice. See id. at 268.

The United States distinguishes Reineman on the basis that the IRS there attempted to make a second tax assessment for the same year. Here, the IRS is not attempting to make an additional assessment with respect to tax year 2009. The United States claims it seeks to verify the veracity of the amount of a deduction claimed on Titan's income tax return for tax year 2010.

Section 7605(b) was intended to prevent the IRS from engaging in repetitive investigations as a method of harassment. See United States v. Powell, 379 U.S. 48, 54 (1964). The statute was enacted as a "curb on the investigative powers of low-echelon revenue agents." Powell, 379 U.S. at 55-56. It was not meant to restrict the Commissioner's legitimate power to investigate. See id. at 54, Collins v. Commissioner, 61 T.C. 693, 698-99 (1974).

In Digby v. Commissioner, 103 T.C. 441 (1994), the United States Tax Court held that the review of the same records for another taxable year

6

that results in a proposed deficiency for an already examined year is not a second inspection within the meaning of § 7605(b). "Section 7605(b) concerns a second inspection for the same taxable year." See id. 448-49. "Congress did not intend to restrict the Commissioner from auditing subsequent years' transactions originating from the same records, even if those records had been inspected in connection with the audit of an earlier year." Id. at 450.

In Norda Essential Oil & Chemical Co. v. United States, 230 F.2d 764 (2d Cir. 1956), the Second Circuit held that the IRS was not restricted from re-examining 1950 and 1951 records as part of an audit for tax year 1952. See id. at 765 ("Each taxable year is a unit which must be separately examined and determined. . . . the investigation reaching into earlier years is amply justified.").

Based on the foregoing, the Court concludes that a re-examination of the 2009 books and records sought by the IRS would be prohibited if the IRS was seeking to make additional assessments for the same tax year. The United States claims that the basis for the IRS summons is: (1) to verify a

7

deduction claimed on Titan's income tax return for the tax year 2010; (2) the IRS does not possess the records requested; (3) this is the IRS's first request for such documents with respect to the audit of Titan's tax return for the tax year 2010; and (4) the IRS is not intending to make any additional tax assessments with respect to tax year 2009.

The Court finds no basis to conclude that the IRS is requesting the records for a 2010 audit under the guise of seeking to make an additional assessment for tax year 2009. Given the Government's representations that the records are sought in connection with an audit for the tax year 2010 and that it does not seek to make additional assessments with respect to 2009, the Court will Order compliance with the summons and deny Titan's Motion to Quash.

Ergo, the Motion of Respondent Titan International, Inc. to Quash the Internal Revenue Service Summons [d/e 5] is DENIED.

Respondent Titan International, Inc., is Directed to obey the aforementioned summons and each and every requirement thereof. A representative of Titan International, Inc., shall appear and produce the

books, papers, records, or other data as is required and called for by the terms of the summons before Revenue Agent Frank M. Flesh or any other proper officer or employee of the Internal Revenue Service at such time and place as may be fixed by Revenue Agent Frank M. Flesh, or any other proper officer or employee of the Internal Revenue Service.

The Show Cause Hearing set for December 17, 2014 at 4:00 p.m., is Canceled.

ENTER: December 10, 2014

    FOR THE COURT:

                                        s/Richard Mills  
                                        Richard Mills  
                                        United States District Judge